Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Appellee,

v.

HAHNER, FOREMAN & HARNESS, INC., Appellant.

No. 83–1349.

United States Court of Appeals, Tenth Circuit.

June 15, 1984.

Laura V. Fargas, Atty., U.S. Dept. of Labor, Washington, D.C. (Francis X. Lilly, Deputy Sol. of Labor, Frank A. White, Associate Sol., Washington, D.C., for Occupational Safety and Health, and Dennis K. Kade, Counsel for Appellate Litigation, U.S. Dept. of Labor, Washington, D.C., with her on the brief), for appellee.

Arthur S. Chalmers, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, Kan. (Alan L. Rupe, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, Kan., with him on the brief), for appellant.

Before SETH, Chief Judge, and DOYLE and SEYMOUR, Circuit Judges.

**1422**

WILLIAM E. DOYLE, Circuit Judge.

### A. *Legal Origin*

This action arises out of § 11(c) of the Occupational Safety and Health Act of 1970 (29 U.S.C. § 651 *et seq.*). Originally, Wayne Kidd, a former employee of defendant-appellant Hahner, Foreman and Harness filed a complaint with the Secretary of Labor alleging that Hahner had discriminated against him by discharging him for exercising his rights under the Act.

### B. *Was the 30-Day Filing Requirement an Impediment?*

The position of the appellant at the trial was that Kidd's complaint to the Secretary was filed beyond the 30-day time limit which is prescribed by statute. It is maintained by the defendant that this time limit is jurisdictional, the result of which is that a failure to conform to the 30-day limit deprives the court of jurisdiction. However, the trial court did not accept the proposition that it was without jurisdiction; rather the court held that the 30-day time limit was in the nature of the statute of limitations which was subject to equitable tolling. Based on the facts of the case, the trial court's holding was that the case was an appropriate one for equitable tolling. Accordingly, Kidd's complaint was timely. The trial court found for plaintiff on the merits of the case and held that defendant had violated the Act by discharging Kidd for engaging in activity protected by the Act.

### C. *Nature of the Injury and Facts Surrounding the Employment Termination*

Wayne Kidd started to work for the defendant in 1979. He originally worked as a cement finisher foreman. In January, 1980, Kidd was working at defendant's "Shadyway" project. One Harold Rausch was the superintendent at that project.

Kidd was required as a cement finisher to work on scaffolding equipment. This consisted of two independently operated gondolas. Kidd and a man named Herman Thompson were using the gondolas but were unable to get them to operate properly. It was found by the trial court that Kidd's gondola was about to move upward while Thompson's gondola was descending despite the fact that the switch in Thompson's gondola was in the "up" position. Inasmuch as Thompson was unable to stop his gondola's descent, Kidd also switched his to the down position. At this time the platform which connected the two gondolas was at a 45 degree angle. Kidd reported the problem to Rausch, the project supervisor.

At a later date, January 16, Kidd and one Jack Houseberg were using the scaffolding and gondolas. Again the gondolas malfunctioned. At that time Houseberg and Kidd were some three or four stories above the ground.

This condition was reported by Kidd to Rausch, who eventually was able to get the machinery working again, after which he ordered Kidd and Houseberg to go back up. Both of them stated that they refused and would continue to do so until the machinery was properly examined. Rausch instructed Kidd that if he did not go back up on the gondola that he would find someone who would. He also told Kidd that he was fired.

Kidd then contacted a Mike Simpson, an employee of the Building and Construction Trade Safety Project of Wichita. He came to the site and talked with both Rausch and Kidd. After the meeting with Rausch, Simpson told Kidd that he was not fired but was laid off for lack of work until the scaffolding was repaired. Kidd also talked with another employee of defendant in an effort to ascertain his job status. This employee could not determine it.

Kidd's testimony at the trial was that he believed that he had been laid off. His attempt to find work elsewhere was not successful. Therefore, he filed for unemployment in February of 1980. On March 15, 1980, Kidd received a letter from the Kansas Employment Service. This letter advised him that defendant was challenging his benefits on the ground that Kidd had been terminated.

The next step that Kidd took was to file a complaint with OSHA alleging a violation of § 11(c) which provides that:

No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter * * * or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter.

29 U.S.C. §§ 660(c)(1).

This cited statute also provides the procedures and time limits for filing such a complaint. The Act provides that any employee who feels that he or she was discriminated against by any person may, within 30 days after such violation occurs, file a complaint with the Secretary, alleging the discrimination. 29 U.S.C. § 660(c)(2).

## D. *The Issue of Right to Refuse to Work Under Hazardous Conditions*

The right which Kidd maintained that he was being deprived of was the limited right to refuse to work under circumstances which involved a hazardous condition. This was pursuant to 29 C.F.R.1977.12(b). This regulation provides that occasions might arise when an employee is confronted with a choice between not performing assigned tasks or subjecting himself to serious injury or death arising from a hazardous condition at the workplace. If the employee does not have any reasonable alternative, and refuses in good faith to expose himself to the dangerous condition, he would be protected. That regulation has been upheld in *Marshall v. Whirlpool Corp.*, 445 U.S. 1, 100 S.Ct. 883, 63 L.Ed. 154 (1980).

## E. *The Trial Court's Decision*

■ In essence, this was the issue that the trial court considered, and as indicated above, the finding was in favor of plaintiff. At the outset the trial court rejected the contention that the 30-day time limit for filing was a jurisdictional prerequisite. The holding was that the 30-day time limit was in the nature of a statute of limitations subject to equitable tolling. Also, on the

facts, the trial court held that the case was an appropriate one for equitable tolling because the defendant had misled Kidd into believing he had only been laid off. Finally, the court held that the defendant had violated the Act in discharging Kidd. Appeal followed, with defendant·challenging all these rulings, and we must consider them on a separate basis.

The threshold, and perhaps the most important issue in the case, is the ruling that the time limitation set forth in 29 U.S.C. § 660(c)(2) was a statute of limitations subject to equitable tolling, rather than a jurisdictional provision to be used as a preventive measure. 29 U.S.C. 660(c)(2) provides, "Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary, alleging such discrimination." The defendant's argument is that this 30-day time limit is a jurisdictional prerequisite, as noted above. In other words, the defendant takes the position that Kidd was discharged on January 16, 1980, but failed to file a complaint with the Secretary·until April 3, 1980, or more than thirty days after his discharge. According to the defendant, in view of the fact that the 30-day time limit is jurisdictional, plaintiff's action is time barred. The trial court, however, ruled that this 30-day time limit was a statute of limitations subject to tolling. We agree.

There has been only one federal court case on this issue, and that is *Donovan v. Peter Zimmer America, Inc.*, 557 F.Supp. 642 (D.S.C.1982). The district court's ruling was that the 30-day time limit was a statute of limitations subject to equitable tolling. Both the court in *Peter Zimmer* and the court below analogized the question presented to the issue presented in *Zipes v. Trans World Airlines*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), a Title VII case. In the *Zipes* case the Supreme Court had the question before it whether the time limit for filing a complaint with the EEOC under Title VII of

the Civil Rights Act of 1964 was a jurisdictional prerequisite or a statute of limitations. The Court in *Zipes*, held that the 180-day limit for an individual to file with the appropriate administrative agency was a statute of limitations subject to waiver, estoppel and equitable tolling. The Court relied on the congressional policy underlying Title VII, the reasoning of other cases and the structure of Title VII. After applying these factors to the Occupational Safety and Health Act, this court must come to the conclusion that the time limit specified in 29 U.S.C. § 660(c)(2) is also a statute of limitations subject to waiver, estoppel and equitable tolling. This is not the first time that Title VII has been used as an analogy in an Occupational Safety and Health Act case. *See, e.g., Donovan v. Square D Co.*, 709 F.2d 335 (5th Cir.1980), and *Marshall v. Intermountain Electric Co.*, 614 F.2d 260 (10th Cir.1980).

The court must first address the congressional policy underlying the Act. As was noted by the trial court the history of the Act does not shed any light on this specific question. However, the underlying purpose of the Act is clear:

> The Congress declares it to be its purpose and policy, through the exercise of its powers, to regulate commerce among the several states * * and to provide for the general welfare, to assure so far as possible every working man and woman in the Nation safe and healthful working conditions and to preserve our human resources * * *.

29 U.S.C. § 651(b).

The Supreme Court has ruled that the basic orientation of the Act is remedial. *Whirlpool Corp. v. Marshall*, 445 U.S. 1, 100 S.Ct. 883, 63 L.Ed.2d 154 (1980). This construction indicates that this remedial statute must be liberally construed. *Long Manufacturing Co., N.C., Inc. v. Occupational Safety and Health Review Commission*, 554 F.2d 903, n. 1 (8th Cir.1977). Title VII is also a remedial statute. *Zipes, supra.* A technical reading of filing requirements is "particularly inappropriate in a statutory scheme in which laymen, unas-

sisted by trained lawyers, initiate the process." *Zipes*, 102 S.Ct. at 1134 *quoting Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972).

The Court in *Zipes* reasoned that by holding the time limit at issue was a statute of limitations subject to tolling, the Court could "honor the remedial purpose of the legislation as a whole without negating the particular purpose of the filing requirement, to give prompt notice to the employer." *Zipes* at 1135. Such reasoning is equally applicable here. The Occupational Safety and Health Act, like Title VII, is remedial in nature; the process for filing complaints under the Act is initiated by lay persons and thus it is subject to a liberal construction.

Thus, based on the purpose of the Act, it appears to us that the time limit contained in 29 U.S.C. 660(c)(2) must be construed as a statute of limitations subject to equitable tolling. If we were to hold that the 30-day period barred the proceeding, and such would have to be the holding if we were to conclude that it occupied a jurisdictional prerequisite, the intent of the Act would not be served. If, on the other hand, the Act is construed as a statute of limitations subject to equitable tolling, the opposite result emerges. If this court were to hold that the time limit was jurisdictional, employers could mislead an employee into believing that he or she had not been discharged (as was alleged here), and thus, the employer could evade the responsibilities under the Act.

■ The regulations promulgated by the Secretary in interpreting this portion of the Act certainly support this court's construction of the section. The Secretary has promulgated regulations with respect to the 30-day time limit expressed in 29 U.S.C. § 660(c)(2). This regulation provides:

> [T]here may be circumstances which would justify tolling of the 30-day period on recognized equitable principles or because of strongly extenuating circumstances, e.g., where the employer has concealed or misled the employee regard-

ing the grounds for discharge or other adverse action * * *.

29 C.F.R. 1977.15(d).

Regulations promulgated by the Secretary are entitled to be given great weight and are controlling if reasonable. *Whirlpool Corp. v. Marshall*, 445 U.S. 1, 100 S.Ct. 883, 63 L.Ed.2d 154 (1980); *Marshall v. N.L. Industries*, 618 F.2d 1220 (7th Cir. 1980); and *Donovan v. Peter Zimmer America, Inc.*, 557 F.Supp. 642 (D.S.C. 1982). The court in *Peter Zimmer* noted that the reasonableness of providing for equitable tolling here was beyond dispute, especially when the short time limit was taken into consideration. Defendant has not presented an argument to this court that the Secretary's regulation was unreasonable.

### F. *Consideration of Applicable Case Law Bearing on Computing Time*

There is not a great body of case law on this issue. As is indicated above, only one case has dealt directly with the question of whether the time limit for filing a complaint with the Secretary contained in the statute 29 U.S.C. § 660(c)(2) is a jurisdictional prerequisite or a statute of limitations subject to equitable tolling. In *Peter Zimmer*, it was found that the time limit was a statute of limitations.

The parties are at odds on the meaning of this court's decision in *Marshall v. Certified Welding Corp.*, 1979 OCC Safety and Health Dec. (CCH), Par. 23,257. Appellants assert that it stands for the proposition that a court should not usurp legislation incorporating congressional discretion regarding the wisdom of a 30-day time limit. In *Donovan v. Peter Zimmer America, supra*, the court felt that this court upheld the validity of the regulation specifying that the 30-day time limit was subject to equitable tolling in *Certified Welding*.

It is plain that a similar provision in Title VII of the Civil Rights Act of 1964 is a statute of limitations and not a jurisdictional prerequisite. In *Zipes, supra*, the U.S. Supreme Court held that the 180-day time limit which an individual has in which to file a complaint with the EEOC is a statute of limitations and not a jurisdictional prerequisite.

There are other time limits in Title VII which have also been found to be statute of limitations rather than jurisdictional prerequisites. Pursuant to 42 U.S.C. § 2000e–5(f)(1), a plaintiff has 90 days in which to bring a civil action after receiving a right-to-sue letter from the EEOC. In *Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc.* 702 F.2d 857 (10th Cir.1983), this court concluded that this 90-day period was a statute of limitations subject to equitable tolling and not a jurisdictional provision. Also, it is to be noted that this court noticed that *"Zipes clearly indicated that its holding applies as well to this 90-day period."* *Id.* at 859. *See also Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992 (11th Cir.1982); and *Gordon v. National Youth Work Alliance*, 675 F.2d 356 (D.C.Cir.1982); *contra, Garrison v. International Paper Co.*, 714 F.2d 757 (8th Cir.1983), n. 2.

Those cases which consider whether a statutory time limit was a statute of limitations or a jurisdictional prerequisite are not limited to Title VII cases. Thus, in *School District of City of Allentown v. Marshall*, 657 F.2d 16 (3rd Cir.1981), the court held that the 30-day time limit for filing a complaint with the Secretary under the Toxic Substance Control Act, 15 U.S.C. § 2601–2629 (1976 & Supp. III 1979) was a statute of limitations and not a jurisdictional prerequisite. It was said, in that case:

> [T]he time periods set for filing complaints under the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964 are not jurisdictional insofar as noncompliance would defeat an action regardless of the equities in a given case. We continue to adhere to that view and see no reason to adopt a different rule with respect to the limitation period prescribed by the Toxic Substances Control Act. We agree with the Secretary that the statute is remedial and should be given a construction consistent with its objectives.

*School District of City of Allentown* at 17.

We are mindful that in other cases courts have construed time limits in statutes to be jurisdictional prerequisites. Each of these cases, however, is clearly distinguishable from the case and the statutory provision which is here at issue. In *Monark Boat Co. v. NLRB*, 708 F.2d 1322 (8th Cir.1983), the court considered whether the 30-day time limit for application for attorneys' fees under the Equal Access to Justice Act, 5 U.S.C. § 504 (Supp. V. 1981), was a jurisdictional prerequisite. The finding was that it was, indeed, a jurisdictional prerequisite. The two main reasons for the court's decision, however, are absent here. These are (1) the National Labor Relations Board had construed the 30-day time limit to be a jurisdictional prerequisite; (2) the Equal Access to Justice Act, which provides that a prevailing party may recover attorneys' fees from the Board, is a statute which waives sovereign immunity and, therefore, time limits for filing are strictly construed.

There is a division in the circuits as to whether the time limitation contained in 42 U.S.C. § 2000e–16(c) is a statute of limitations or a jurisdictional prerequisite. This portion of Title VII of the Civil Rights Act of 1964 allows employment discrimination suits against the federal government. Under regulations promulgated pursuant to statute, the complaints of federal employees are to be brought within 30 days of the date of the alleged discrimination. 29 C.F.R. § 1613.214(a)(1)(i). There are two limited exceptions to this 30-day rule. 29 C.F.R. 1613.214(a)(4). In *Sims v. Heckler*, 725 F.2d 1143 (7th Cir.1984), the court held that the 30-day time limit for a federal employee to file a complaint with the agency is a jurisdictional prerequisite. At the same time, the Seventh Circuit noted that both the Eleventh Circuit (*Milam v. United States Postal Service*, 674 F.2d 860 (1982)), and the D.C.Circuit (*Saltz v. Lehman*, 672 F.2d 207 (1982)) had held that the ruling of *Zipes* applied to suits brought by federal employees under 42 U.S.C. § 2000e–16(c). Nevertheless, the Seventh Circuit disa-

greed, because this provision of the statute dealt with a waiver of sovereign immunity, and, therefore, it felt that the time limits had to be strictly construed. In addition, the 30-day time limit was contained in a regulation promulgated by the EEOC, and was said to be binding on the court as it was not arbitrary or capricious. As sovereign immunity is not at issue here, we need not decide this question, and only note that the *Sims* decision is not on point in this case.

The final decision which should be mentioned is *Carter/Mondale Presidential Committee, Inc. v. Federal Election Commission*, 711 F.2d 279 (D.C.Cir.1983). The petitioner there did not dispute that the 30-day filing period set forth in § 9041 of the Presidential Primary Matching Payment Act (26 U.S.C. §§ 9031–9042) was a jurisdictional prerequisite. The court noted, however, that it had an independent responsibility to examine jurisdictional issues. It found that the filing period at issue was distinguishable from the filing period at issue in *Zipes*. In addition to the structural differences between Title VII and the Presidential Primary Matching Payment Act, the court pointed out:

> Title VII integrates the efforts of laymen who may be victims of discrimination, the EEOC and the courts. The laymen initiate the process and the EEOC is available in part to provide support for meritorious claims. In contrast, § 9041, like the other jurisdictional time limits cited in text, prescribes judicial review procedures that *follow* a detailed administration review process between *two* legally sophisticated parties (a campaign committee and the FEC).

*Carter/Mondale* at 284, n. 7.

In summary, the one court that has considered the question at issue here has held that the 30-day time limit contained in 29 U.S.C. § 660(c)(2) is a statute of limitations. Cases dealing with analogous statutory provisions have found that the time periods at issue were statutes of limitations subject to equitable principles and not jurisdictional

prerequisites. Those cases which have held that the time periods involved were jurisdictional prerequisites are easily distinguishable from the case and statutory provisions at issue here. Therefore, the case law on the question supports this court's conclusion that the 30-day time limit is a statute of limitations subject to equitable tolling.

Defendants maintain that the structure of the Act here at issue suggests that the time limit contained in 29 U.S.C. § 660(c)(2) is a jurisdictional prerequisite. The defendant points out that in *Zipes*, the Supreme Court considered the fact that the provisions granting jurisdiction to the courts under Title VII contain no reference to the timely filing of a complaint with the EEOC in coming to its conclusion that the time limit was not a jurisdictional prerequisite. Here, defendant argues the 30-day time limit to file a complaint with the Secretary is contained in the same section as the provision granting jurisdiction to the United States District Courts.

The argument of defendant is not persuasive. The trial court found that the Congressional purpose and the absence of evidence that Congress intended to make timely filing a jurisdictional prerequisite led to the conclusion that the 30-day time limit was a statute of limitations subject to equitable principles such as waiver, estoppel and tolling. This court agrees with that. The time limit in the present case is contained in the same subsection as the provision granting jurisdiction to the district courts. In Title VII, the time limits for filing a complaint and the jurisdictional grant are in separate paragraphs. In both statutes, nevertheless, the provisions granting jurisdiction to the district courts do not limit jurisdiction to those cases in which there was a timely filing of a complaint with the appropriate authority. The absence of a limitation on the court's jurisdiction based on the timely filed complaint was a factor in the court's decision in *Zipes*. In light of the congressional purpose underlying the Act, its remedial character, and the fact that the provision granting jurisdiction to the district court makes

no mention of any requirement of a timely filing of a complaint, this court is unable to read the 30-day time limit to be a jurisdictional prerequisite.

■ Next we address the equitable tolling issue. Defendant contends on appeal that the trial court erred in finding that the statute of limitations ought to be equitably tolled on the facts presented here. This court, however, cannot reverse the trial court's findings of fact unless it finds them to be clearly erroneous. *Francia v. White*, 594 F.2d 778 (10th Cir.1979). Following a review of the record the trial court's finding cannot be said to be clearly erroneous.

Even though the facts of a case may prevent application of the doctrine of equitable tolling, it is generally accepted that when an employer misleads an employee regarding a cause of action, equitable estoppel may be invoked. *See Meyer v. Reigel Products Corp.*, 720 F.2d 303 (3rd Cir. 1983), *cert. denied*, — U.S. —, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984) and *Cruce v. Brazosport Independent School District*, 703 F.2d 862 (5th Cir.1983). This circuit has noted that equitable tolling may be appropriate if an employer actively misleads a plaintiff. *Wilkerson v. Siegfried Insurance Agency*, 683 F.2d 344 (10th Cir. 1982).

The trial court held that defendant had deliberately concealed the fact that Kidd had actually been discharged, as opposed to having been laid off, until March 15. The trial court also found that up until March 15, Kidd had a reasonable and good faith belief that he had been laid off and not fired. Accordingly, the trial court held that the statute of limitations did not begin to run until March 15. Certainly this is a reasonable ruling.

Defendant does not appear to deny directly that it misled Kidd. Instead, defendant argues that Kidd failed to use due diligence in order to discover his actual employment status. Accordingly, defendant argues that this should prevent equitable tolling of the statute of limitations.

Few courts have addressed the question of what an employee must do, if anything, when an employer has misled the employee. In *Meyers, supra,* the trial court had found that it could not invoke the doctrine of equitable tolling because the "plaintiff had entertained suspicions about the legality of the dismissal at the time it occurred." *Meyer* at 308. In doing this, the trial court had relied on *Hart v. J.T. Baker Chemical Corp.,* 598 F.2d 829 (3rd Cir.1979) as standing for that proposition. The court of appeals in *Meyer* reversed and found that the trial court had misinterpreted *Hart.* "Thus, *Hart* cannot be read to support the proposition that a contemporaneous suspicion itself precludes the invocation of equitable tolling, and the district court erred in uncritically anchoring its grant of summary judgment on this nonexistent principle." *Meyer* at 308. The court of appeals went on to note that the plaintiff, Meyer, had made efforts to determine the true reason for his discharge, and alleged that his employer had deceived him into postponing the filing of a claim. The court of appeals found that there were material facts at issue, and thus reversed the case and remanded for trial.

Here, Kidd made an effort to discover his true employment status. The trial court found that the defendant had misled Kidd regarding his true employment status. "Although the propriety of equitable tolling must necessarily be determined on a case-by-case basis, we have suggested that tolling may be appropriate when a plaintiff has been 'lulled into inaction by [the] past employer, state or federal agencies, or the courts.'" *Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc.,* 702 F.2d 857, 859 (10th Cir.1983) *quoting Carlile v. South Routt School District RE 3-J,* 652 F.2d 981, 986 (10th Cir.1981). The trial court, after hearing the evidence and making express determinations that its findings were based in part on the credibility of witnesses, held that the case was an appropriate one for equitable tolling. This factual finding cannot be said to be clearly erroneous.

 We now address ourselves to the court's ruling that Kidd reasonably believed that the gondola was defective and that using it presented an imminent risk of serious injury or death. According to the defendant, the trial court's finding of fact on this question was clearly erroneous. 29 C.F.R. 1977.12(b)(2) provides in part:

[O]ccasions might arise when an employee is confronted with a choice between not performing assigned tasks or subjecting himself to serious injury or death arising from a hazardous condition at the workplace. If the employee, with no reasonable alternative, refuses in good faith to expose himself to the dangerous condition, he would be protected against subsequent discrimination.

This regulation was upheld in *Whirlpool Corp. v. Marshall,* 445 U.S. 1, 100 S.Ct. 883, 63 L.Ed.2d 154 (1980), where the court noted that "circumstances may sometimes exist in which the employee justifiably believes that the express statutory arrangement does not sufficiently protect him from death or serious injury. Such circumstances will probably not often occur, but such a situation may arise when (1) the employee is ordered by his employer to work under conditions that the employee reasonably believes pose an imminent risk of death or serious bodily injury, and (2) the employee has reason to believe that there is not sufficient time or opportunity to either seek effective redress from his employer or to apprise OSHA of the danger." *Whirlpool,* 100 S.Ct. at 883. On appeal, defendant appears to challenge only the first circumstance. Specifically, defendant argues that Kidd did not have a reasonable belief that using the gondola would present an imminent risk of serious injury.

The trial court, however, found that Kidd had a reasonable and good faith belief on the date in question that the gondola was both defective and hazardous, and that using it would present an imminent risk of serious bodily injury or death. After all, this was not the first time that it had malfunctioned. The court found that the defendant's attitude toward safety was at

best cavalier, and at the worst, reprehensible. The trial court found that Rausch, the project supervisor, expected workers to do their assigned tasks despite safety concerns. The trial court, which had the opportunity to hear the witnesses and observe their demeanor, is in the best position to make these findings of fact. Many of the trial court's findings of fact were explicitly based on its determination of the credibility of the witnesses. There is evidence in the record to support the trial court's findings. This court cannot say that the trial court's finding that Kidd had a reasonable and good faith that the gondola presented an imminent risk of serious bodily injury erroneous.

The judgment of the district court is affirmed.