Clyde **BREWER**, a minor By and Through his father and next friend, Freddie **BREWER**, Plaintiff,

v.

**MIAMI COUNTY HOSPITAL**, Steven R. Osborn, M.D., and Associates in Family Care, P.A., Defendants.

Civ. A. No. 94–2167–GTV.

United States District Court, D. Kansas.

Aug. 5, 1994.

---

Ruth M. Benien, Benien & Kaplan, Chtd., Kansas City, KS, Jack Beam, and Douglas J. Raymond, Jack Beam & Associates, Denver, CO, for plaintiff.

Janet M. Simpson, Holbrook, Heaven & Fay, P.A., Kansas City, KS, James D. Griffin, and Kristopher A. Kuehn, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, for Miami County Hosp. and Steven R. Osborn, M.D., defendants.

### MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This is a personal injury action to recover damages from defendant Miami County Hospital for its alleged violations of the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd, and from a physician and professional corporation for alleged medical malpractice. The claims are brought on behalf of plaintiff who was born on September 19, 1988, with a variety of serious medical problems and who suffers from permanent disabilities which include cerebral palsy and severe brain damage. Plaintiff claims that the statutory violations and negligent obstetrical care caused his disabling condition.

The case is now before the court on the motion of defendant Miami County Hospital to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction (Doc. 7). For the reasons set forth below, the motion is granted. Because the court's jurisdiction over the state law claims asserted against the co-defendants is based solely on supplemental jurisdiction, 28 U.S.C. § 1367, those claims are dismissed.

The controlling legal issue in connection with this motion is whether plaintiff's EMTALA claim against Miami County Hospital is barred by EMTALA's two-year statute of

limitations. *See* 42 U.S.C. § 1395dd(d)(2)(C). Plaintiff alleges in his complaint that the EMTALA violations occurred on September 12, September 13, and September 18, 1988. Plaintiff filed his complaint on April 26, 1994, more than 5 years after the alleged violations. Defendant argues that EMTALA's statute of limitations cannot be tolled, while plaintiff contends that the limitation period does not run against minors.

■ Congress enacted EMTALA in 1986[1] to "address and alleviate the problem of 'patient dumping' practiced by hospitals throughout the country." *Coleman v. McCurtain Memorial Medical Management, Inc.*, 771 F.Supp. 343, 345 (E.D.Okla.1991). EMTALA imposes two requirements on any hospital which participates in the Medicare program: (1) the hospital must conduct appropriate medical screening to persons visiting the hospital's emergency room; and (2) the hospital may not, subject to certain exceptions, transfer out of the hospital a patient whose medical condition has not been stabilized. *Abercrombie v. Osteopathic Hosp. Founders Ass'n*, 950 F.2d 676, 680 (10th Cir.1991).

■ EMTALA grants a private right of action to individuals harmed as a result of a hospital's violation of these requirements. 42 U.S.C. § 1395dd(d)(2)(A). Such an action, however, may not be brought "more than two years after the date of the violation with respect to which the action is brought." 42 U.S.C. § 1395dd(d)(2)(C). Although the limitation provision contains no exceptions, plaintiff maintains that the limitation period should be tolled by reason of plaintiff's minority.

Only one other court has addressed the question of whether the EMTALA statute of limitations is tolled by infancy. In *Vogel v. Linde*, 23 F.3d 78 (4th Cir.1994), the trial court had granted summary judgment to the defendant hospital on the grounds that plaintiff's claim was brought more than two years after the alleged EMTALA violation, and the

statute of limitations was not tolled by infancy or incompetency. In affirming the trial court's judgment, the appellate panel reasoned that

[e]xceptions to the running of the limitations period because of the would-be plaintiff's disability, though common, are nonetheless exceptions. The blackletter rule, recognized by the Supreme Court since at least 1883, is that a statute of limitations runs against all persons, even those under a disability, unless the statute expressly provides otherwise.

23 F.3d at 80. Plaintiff urges the court to disregard the Fourth Circuit's holding and find that the EMTALA limitations period is tolled by reason of plaintiff's minority.

■ Plaintiff argues that the court should consider the remedial nature of the statute and apply the principles of equitable tolling. Applying equitable tolling to a statute of limitations is appropriate when consistent with congressional intent and called for by the facts of the case. *Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1967). EMTALA was passed amid congressional concern about reports that hospital emergency rooms were refusing to accept or treat patients who were without medical insurance, and improperly transferring patients in an instable condition. *See* H.R.Rep. No. 241(I), 99th Cong., 2d Sess. 27 (1985), *reprinted in* 1986 U.S.C.C.A.N. 42, 579, 605.

While the statute provides for a private right of action against hospitals, this was not seen as an integral part of the legislation.[2] Congress was concerned that "if penalties are too severe, some hospitals, particularly those located in rural or poor areas, may decide to close their emergency rooms entirely rather than risk ... damage awards." H.R.Rep. No. 241(III), 99th Cong., 2d Sess. 6 (1985), *reprinted in* 1986 U.S.C.C.A.N. 726, 728. Partly as a result of this concern, amendments were made prior to EMTALA's passage which clarified the private right of action provision and included the two-year

---

1. *See* Pub.L. No. 99–272, § 9121(b), 100 Stat. 82, 164 (1986).

2. During its consideration of this legislation, the House Judiciary Committee considered and nar-

rowly defeated an amendment that would have stricken the private cause of action provision. H.R.Rep. No. 241(III), 99th Cong., 2d Sess. 8 (1985), *reprinted in* 1986 U.S.C.C.A.N. 726, 730.

statute of limitations. *Id.* Thus, the legislative history, like the plain language of the statute, does not support a finding that principles of equitable tolling should be applied to the EMTALA statute of limitations.

Even if equitable tolling principles should be applied, that alone does not compel a finding that the statute of limitations should be tolled because of infancy. Courts have applied equitable tolling in order to ameliorate situations in which a statute of limitations would unfairly penalize a party as a result of another's actions. This view of equitable tolling is consistent with the approach taken in the cases plaintiff has cited to the court. *See Martinez v. Orr,* 738 F.2d 1107 (10th Cir.1984) (tolling Title VII time limit for filing suit because EEOC notice to plaintiff was misleading); *Donovan v. Hahner, Foreman & Harness, Inc.,* 736 F.2d 1421 (10th Cir.1984) (tolling OSHA time limit for filing complaint because employer concealed fact that plaintiff had actually been discharged rather than laid off).

■ Equitable tolling is not, however, used to toll a limitations period because of infancy or disability. A statute of limitations runs against minors in the absence of an express statutory provision tolling the limitations period. *See* 51 Am.Jur.2d, *Limitation of Actions* § 186. *See also Vance v. Vance,* 108 U.S. 514, 521, 2 S.Ct. 854, 859–60, 27 L.Ed. 808 (1883) ("The exemptions from the operation of statutes of limitations, usually accorded to infants ..., do not rest upon any general doctrine of the law ... but in every instance upon express language in those statutes giving them time, after majority ... to assert their rights."). The court is thus bound to apply the clear language and intent of the statute.[3]

Plaintiff also finds support for tolling the EMTALA statute of limitations in a United States Supreme Court case that struck down a state law which imposed a two-year limitations period on paternity and child support actions. *See Pickett v. Brown,* 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983). That statute, however, was found to deny certain illegitimate children the equal protection guaranteed by the Fourteenth Amendment. *Id.* at 18, 103 S.Ct. at 2209. No such equal protection issue is present in this case.

For these reasons, the court finds that plaintiff's EMTALA action is time-barred. The motion of defendant Miami County Hospital to dismiss for failure to state a claim will be granted.

Plaintiff's claims against defendants Steven R. Osborn, M.D., and Associates in Family Care, P.A., were brought under state law. Plaintiff alleges no diversity of citizenship between plaintiff and these defendants, and the court's jurisdiction is based entirely on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Now that the claim over which the court had original jurisdiction is dismissed, the court declines to exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c). These claims may more properly be adjudicated in state court. *See Urban v. King,* 834 F.Supp. 1328, 1334 (D.Kan.1993). Plaintiff's claims against these defendants are therefore dismissed without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED that the motion of defendant Miami County Hospital to dismiss for failure to state a claim (Doc. 7) is granted.

IT IS FURTHER ORDERED that plaintiff's state law claims against defendants Steven R. Osborn, M.D., and Associates in Family Care, P.A., are dismissed without prejudice.

The case is dismissed.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**

---

**3.** The court also assumes that if Congress had wished to allow additional time for minors to file suits under the statute, it would have drafted the statute in such a way to allow for such tolling of the limitations period. At least one other statute, dealing with disputes over government life insurance, contains such an exception. *See* 38 U.S.C. § 1984(b) ("Infants, insane persons, or persons under other legal disability, or persons rated as incompetent or insane by the Secretary shall have three years in which to bring suit after the removal of their disabilities.").