**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 18, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JIHAD AL-ALI,

        Plaintiff-Appellant,

v.

SALT LAKE COMMUNITY
COLLEGE,

        Defendant-Appellee.

No. 07-4056
(D.C. No. 2:04-CV-547-DS)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **EBEL**, and **MURPHY**, Circuit Judges.

---

Jihad Al-Ali appeals pro se from the district court's grant of summary

judgment in favor of Salt Lake Community College (SLCC) on his claims of

discrimination based on race, color, and national origin, and retaliation in

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1)

and 2000e-3(a). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## *Background*

Mr. Al-Ali worked as a part-time adjunct professor at SLCC, reporting to Dr. Merrill, a Division Chair. He taught classes at SLCC during eight terms beginning in the Spring term of 1999. He signed a new contract with SLCC for each term. In each of these contracts, in his initial application, and in a form he signed following his faculty orientation, Mr. Al-Ali acknowledged that he had no expectation of continued employment at SLCC beyond the current term governed by each agreement. *See* R., Vol. III, Doc. 120, Exs. 1, 3 & 4.

Mr. Al-Ali last taught at SLCC during the Summer term in 2001. On June 20, 2001, only a few days into that term, he had an altercation with a student in one of his classes. The next day Dr. Merrill informed him that he was relieved of his teaching duties for the remainder of the term. When he asked for an explanation, Dr. Merrill told him that two students had lodged complaints against him. Mr. Al-Ali claims that he attempted to tell his side of the story, but Dr. Merrill refused to listen, stating, "I hire and fire as I wish." *Id.*, Vol. IV, Doc. 135, Ex. 18 at 27 (emphasis omitted). Dr. Merrill then allegedly told Mr. Al-Ali, "[M]aybe you are burned out and it could be good if you take [a] break for the remain[der] of the summer, and you will have your schedule as usual in the coming fall." *Id.* (emphasis omitted). It is undisputed that SLCC did not pay Mr. Al-Ali for the remainder of that term and that he never again taught at SLCC.

Mr. Al-Ali asked Dr. Merrill to write him a letter of recommendation in connection with positions he was applying for outside of SLCC. Dr. Merrill provided him with a letter dated August 20, 2001, stating, "I highly recommend [Mr. Al-Ali] to you for your faculty position." *Id.*, Ex. 15.

Mr. Al-Ali claims that he also tried to obtain further teaching positions at SLCC, but the record is not entirely clear in this regard. With respect to the Fall term in 2001, the record reflects that he asked Dr. Merrill on September 19, 2001, why he did not receive a teaching position for that term, and that Dr. Merrill responded it was because he did not make the assignments.[1] Mr. Al-Ali applied for state unemployment benefits two days later, "hoping to provoke some official position [from SLCC] contrary to what [he] had been told in September." *Id.*, Vol. III, Doc. 120, Ex. 10, ¶ 11. SLCC did not respond to his request for benefits. The state ultimately denied his application because he represented that he had voluntarily quit his job at SLCC in order to find a full-time job.

Mr. Al-Ali received memos from SLCC addressed to Adjunct Faculty in September and October, 2001. These memos advised him how to apply in writing for teaching positions for the Spring term in 2002. The record does not contain a written application by Mr. Al-Ali for that term, but there is evidence that he

---

[1]    In his affidavit, Mr. Al-Ali lists the date of this conversation with Dr. Merrill as September 19, *2002*, but based on the context it is clear it occurred in 2001.

verbally inquired about a teaching assignment in mid-January 2002, after the semester had begun. He also contacted Dr. Merrill in the middle of that month to complain that the people to whom Dr. Merrill had referred him had failed to return his phone calls. It is undisputed that Mr. Al-Ali last applied for a teaching position in November 2002 and that SLCC denied his application on November 17.

Mr. Al-Ali states that, after his contact with Dr. Merrill in January 2002, "[f]rom that point on, and for two semesters, I felt as though I got the run-around treatment by both Dr. Merrill . . . and others who would send me back and fo[]rth blaming each other." *Id.*, ¶ 13. But it was not until March 2003 that he "became frustrated and had it with the lies and decided to approach things differently." *Id.*, ¶ 15. Two months later, he informed Dr. Merrill that he was going to submit a complaint to Dr. Merrill's supervisor about how he was being treated. A few days later, he received a letter from SLCC regarding an audit of campus keys. Mr. Al-Ali interpreted this letter as a request to return his keys, "signifying for the first time [he] may be permanently discharged." *Id.*, ¶ 18.

In early June 2003, he raised his concerns with Dr. Richardson, Vice President of Academic Affairs at SLCC. On June 14, he met with both Dr. Richardson and Dr. Merrill, "to find out why [he] no longer was getting teaching assignments. Dr. Merrill explained that it was because he had been 'fired!'" *Id.*, ¶ 22. Mr. Al-Ali asserts that this is the first time he had ever been

-4-

told he was fired.  In response, he made allegations of discrimination and Dr. Richardson referred him to SLCC's Office of Equal Employment Opportunity (EEO Office).

Mr. Al-Ali met with the EEO director on June 17, 2003.  A month later, unhappy with the progress of the investigation, he complained to Mr. Morgan, the president of SLCC.  He met with Mr. Morgan and Dr. Richardson on August 11 and again reviewed his grievances.  That same day, he submitted a written complaint to the EEO Office, alleging discrimination and harassment based upon his race, religion, and national origin, in connection with his termination and SLCC's refusals to hire him.  He received a letter from SLCC, dated September 24, 2003, informing him that his complaint was untimely because it was not filed within thirty days from the last date of his alleged harm.

Mr. Al-Ali then filed a charge with the Utah Anti-Discrimination and Labor Division and the Equal Employment Opportunity Commission (EEOC) on November 4, 2003, alleging discrimination based on race, religion, national origin, and retaliation.  He described the discrimination as follows:

> I was hired as an adjunct faculty, which means I was a part time employee, paid hourly with no benefits.  I taught to 2001, and then September 11th happened at the World Trade Towers.  After that I was treated as if I didn't exist, and others refused to talk to me.  I applied four times for a full time position, while I was teaching, only to be bypassed and have the positions given to others based on their race and religion.  Because I am not white I have no rights and after 9-11-01 this event gave some people a free pass to overlook all my concerns.  I was a victim of witness tampering, conspiracy,

obstruction of justice, and finally I was told I had been terminated on or about June 14, 2003.

*Id.*, Ex. 11. He also claimed retaliation for reporting the problems to Dr. Richardson. He received a right-to-sue letter dated March 16, 2004, and he filed this action on June 14, 2004.

Both parties filed motions for summary judgment. Mr. Al-Ali argued that he was entitled to summary judgment on all of his claims because SLCC was negligent in handling his discrimination complaint. In its motion, SLCC contended that his claims were untimely under the applicable statute of limitations, or alternatively, that he failed to show any material facts in dispute. On February 23, 2007, the district court denied Mr. Al-Ali's motion and granted SLCC's motion as to all claims. It concluded that his claims of discrimination and disparate treatment related to his termination, SLCC's refusals to hire, and the alleged hostile work environment were untimely. Alternatively, the court held that SLCC was entitled to summary judgment because Mr. Al-Ali failed to produce any evidence that SLCC's reasons for terminating and refusing to hire him were pretextual. The court also concluded that he produced no evidence of actionable conduct amounting to a hostile work environment. Finally, it held that he offered no evidence of a causal connection between his report of

discrimination to Dr. Richardson and any subsequent retaliatory adverse employment action.  Mr. Al-Ali filed a timely notice of appeal.[2]

In his appeal briefs he appears to raise the following issues:  (1) the district court erred in holding that his claims were untimely and in failing to grant his request to equitably toll the applicable statute of limitations; (2) the district court erred in granting summary judgment based upon an absence of material facts in dispute.[3]

### *Statute of Limitations*

The district court held that Mr. Al-Ali's claims related to his termination, the refusals to hire, and the alleged hostile work environment were barred by the applicable statute of limitations.  We review de novo a district court's grant of summary judgment in a Title VII case based upon the statute of limitations.  *See Boyer v. Cordant Technologies, Inc.*, 316 F.3d 1137, 1138 (10th Cir. 2003).

> An employee wishing to challenge an employment practice under
> Title VII must first file a charge of discrimination with the EEOC.

---

[2] Mr. Al-Ali filed a notice appealing the district court's orders dated August 1, 2006, and February 23, 2007.  The district court entered its summary judgment order on February 23, 2007.  There is no order in the district court docket entered on August 1, 2006.

[3] Although we construe Mr. Al-Ali's pro se appellate filings liberally, we admit some difficulty in apprehending his arguments on appeal.  He addresses numerous issues not relevant to the district court's summary judgment ruling.  He also attaches documents not included in the record below, which we do not consider on appeal.  Nonetheless, we "have tried to discern the kernel of the issues [he] wishes to present on appeal." *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007).

> Because Title VII seeks to avoid the pressing of stale claims, it requires aggrieved persons to file any such charge within certain specified periods after the allegedly unlawful conduct occurred. If the employee does not submit a timely EEOC charge, he or she may not proceed to court.

*Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1163 (10th Cir. 2007) (citations and quotations omitted). Mr. Al-Ali was required to file his charge of discrimination "within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). "The filing is a prerequisite to a civil suit under Title VII and a claim is time-barred if it is not filed within these time limits." *Davidson v. Am. Online, Inc.* 337 F.3d 1179, 1183 (10th Cir. 2003).

SLCC's termination of Mr. Al-Ali and its subsequent refusals to hire him were discrete acts of discrimination. *See id.* at 1184. Therefore, despite his allegation that these acts were all related, he was required to "file a charge of discrimination within the appropriate limitations period as to each such discrete act of discrimination that occurred." *Id.* He was also required to file a charge within three hundred days of the occurrence of any act contributing to the alleged hostile work environment. *See Boyer*, 316 F.3d at 1140 ("In order for the charge to be timely, the employee need only file a charge within . . . 300 days of any act that is part of the hostile work environment.") (quotation omitted).

Mr. Al-Ali filed his discrimination charge on November 4, 2003. Therefore, his claims are limited to discriminatory acts that occurred within three hundred days before that date–that is, on or after January 8, 2003. There is no

-8-

evidence in the record that he applied for and was denied a teaching position with SLCC at any time after November 17, 2002. Therefore, no refusal to hire occurred within the three-hundred-day limitations period. We agree with the district court that he failed to file a timely charge with respect to SLCC's refusals to hire him.

Mr. Al-Ali's termination also did not occur within the three-hundred-day limitations period. On June 21, 2001, more than two years before he filed his discrimination charge, he was notified of his removal from his Summer term classes. He appears to make two contentions on appeal: first, that he was not terminated on that date, and second, that if he was, he was not aware of his termination until almost two years later.[4] As to the first issue, we conclude that the material facts are not in dispute. The record shows that he was employed by SLCC to teach on a term-by-term basis. The contract he signed for the Summer term in 2001 provided expressly that he had "no expectation of continued ADJUNCT teaching or other employment at the COLLEGE beyond the term governed by this agreement." R., Vol. III, Doc. 120, Ex. 3. There is no dispute that he was informed on June 21, 2001, that he would not be teaching the

---

[4] We address the latter contention *infra*, in the context of Mr. Al-Ali's equitable tolling argument.

remainder of that semester. Therefore, the district court did not err in concluding that Mr. Al-Ali was terminated from his employment at that time.[5]

The district court also reasoned that his hostile work environment claim necessarily accrued no later than his termination date. We agree. Any alleged hostile work environment to which Mr. Al-Ali was subjected would have ended with the termination of his employment. *Cf. Holmes v. Utah, Dep't of Workforce Servs.*, 483 F.3d 1057, 1063-64 (10th Cir. 2007) (affirming summary judgment on hostile work environment claim where, during the three-hundred-day filing period, employee no longer worked in office where earlier harassment allegedly occurred).

Accordingly, we find no error in the district court's conclusion that Mr. Al-Ali's claims related to his termination, SLCC's refusals to hire, and the alleged hostile work environment were time-barred because of his failure to file a charge of discrimination within three hundred days of the allegedly discriminatory acts. Therefore, summary judgment on these claims was proper, unless the statute of limitations was subject to equitable tolling.

---

[5]    The district court concluded that Mr. Al-Ali's date of termination was June 20, 2001, which was his last day of teaching. But he was not notified of his termination until the following day. *See Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir. 1988) (holding period for filing discrimination charge begins on date employee is notified of adverse employment decision). The difference of one day does not affect our analysis of whether his charge of discrimination was timely.

-10-

### *Equitable Tolling*

Mr. Al-Ali contends that the district court erred in declining to equitably toll the three-hundred-day limitations period. "This Circuit has generally recognized equitable tolling of Title VII periods of limitation only if circumstances rise to the level of active deception which might invoke the powers of equity to toll the limitations period." *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002) (quotation omitted). Equitable tolling may be appropriate where a plaintiff has been lulled into inaction by an employer's "deliberate design . . . or actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994). But "federal courts have typically extended equitable relief only sparingly," *Montoya*, 296 F.3d at 957 (quotation omitted), narrowly construing the exceptions, *Harms v. IRS*, 321 F.3d 1001, 1006 (10th Cir. 2003).

"We review a district court's decision whether to equitably toll a period of limitation for abuse of discretion." *Montoya*, 296 F.3d at 957. "An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings." *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998). "Under the abuse of discretion standard[] a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a

clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994).

Mr. Al-Ali contends that SLCC actively deceived him into believing he had not been terminated in June 2001. He argues that the district court should have tolled the time period for filing his charge of discrimination until the date he learned he had been fired. He claims that Dr. Merrill revealed that fact to him nearly two years later, in a meeting with Dr. Richardson on June 14, 2003. We have affirmed a district court's tolling of the three-hundred-day period to file a discrimination charge where an employer actively misled an employee with regard to whether he had been terminated. In *Donovan v. Hahner, Foreman & Harness, Inc.*, 736 F.2d 1421, 1427 (10th Cir. 1984), the trial court found that the defendant employer deliberately concealed the fact that the plaintiff had been discharged, rather than laid off. The trial court also found that, based upon the employer's representations, the plaintiff had a reasonable, good faith belief he had only been laid off. *Id.* We concluded that the district court's findings were not clearly erroneous and therefore we found no abuse of discretion in its tolling of the limitations period. *Id.* at 1428.

Here, Mr. Al-Ali contends that the following actions by SLCC deceived him into believing he had not been terminated and therefore lulled him into inaction: (1) Dr. Merrill told him on June 21, 2001, that he should take the summer off, but that he would have a teaching position again in the fall;

-12-

(2) SLCC never gave him written notification of his termination; (3) SLCC failed to respond to his unemployment application, in which he stated he had voluntarily quit; (4) SLCC continued to send him memos about subsequent teaching opportunities addressed to Adjunct Faculty; and (5) SLCC failed to ask him to return his campus keys until after he complained to Dr. Merrill's supervisor.

The district court found that, according to his contract, Mr. Al-Ali's employment with SLCC only extended through the Summer term in 2001, that he was relieved of his teaching duties just a few days into that term, and that he was never offered a new contract. The court also noted that, despite Dr. Merrill's alleged promise of a new position for the Fall term in 2001, Mr. Al-Ali was on notice as of the beginning of that term that he had not been offered any position. The court concluded that "[t]here was simply no basis for him to conclude that his employment had not come to an end, for whatever reason, or that somehow he remained employed with SLCC." R., Vol. IV, Doc. 139 at 11. Because Mr. Al-Ali has not shown that the district court's findings are clearly erroneous, we hold that the court did not abuse its discretion in denying his request to equitably toll the three-hundred-day period for filing his discrimination charge.

### *Retaliation*

The district court granted summary judgment in favor of SLCC on Mr. Al-Ali's retaliation claim, holding that he failed to establish a causal

-13-

connection between any protected activity and a subsequent adverse employment action. Because he does not address that ruling in his opening briefs on appeal, we hold that he has waived consideration of that issue on appeal. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

The judgment of the district court is AFFIRMED. Mr. Al-Ali's request to proceed in forma pauperis in this appeal is granted.

Entered for the Court


Michael R. Murphy
Circuit Judge