**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 16 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

### UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

MICHELLE BOYER,

      Plaintiff - Appellant,

v.

CORDANT TECHNOLOGIES, INC.,
doing business as Thiokol
Technologies/Atlantic Research
Corporation Joint Venture,
a Delaware corporation,

      Defendant - Appellee,
and

HOWARD ARGYLE; SCOTT
SPENCER; CHRIS REID,
as individuals,

      Defendants.

No. 01-4205

---

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH
### (D.C. No. 1:99-CV-70-J)

---

Submitted on the briefs: [*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

(continued...)

Michelle Boyer, pro se.

Darryl J. Lee and Sheri A. Mower of Wood Crapo LLC, Salt Lake City, Utah, for Defendant-Appellee.

---

Before **KELLY** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

**BALDOCK** , Circuit Judge.

---

Plaintiff Michelle Boyer appeals the district court's grant of summary judgment to Defendant Cordant Technologies, Inc. The court granted summary judgment after concluding the statute of limitations barred Plaintiff's Title VII hostile work environment claims. Subsequent to the district court's decision, the Supreme Court revised the standard courts must apply in determining the timeliness of hostile work environment claims. See National R.R. Passenger Corp. v. Morgan , 122 S. Ct. 2061, 2073-75 (2002). We review a district court's grant of summary judgment de novo. Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs. , 165 F.3d 1321, 1326 (10th Cir. 1999). Where a change in law occurs while a case is on appeal, we apply the law in effect at the

---

[*](...continued)
therefore ordered submitted without oral argument.

time of our decision.    Miller v. City of Mission  , 705 F.2d 368, 377 (10th Cir.

1983).  Applying   Morgan , we reverse. [1]

Plaintiff, an African-America woman, began working for Cordant's

predecessor, Thiokol Corporation, in 1982.  In her complaint, Plaintiff alleged

she experienced a racially and sexually hostile work environment throughout her

employment, and sought relief    under Title VII of the Civil Rights Act of 1964, 42

U.S.C. §§ 2000e – 2000e-17.  In Utah, a Title VII plaintiff must file a charge of

discrimination with the appropriate state agency within 300 days after the alleged

unlawful discriminatory practice occurs.  42 U.S.C. § 2000(e).      [2]  The filing is a

prerequisite to a civil suit under Title VII.      See Morgan , 122 S.Ct. at 2068;

Bullington v. United Air Lines, Inc.    , 186 F.3d 1301, 1310 (10th Cir. 1999) (citing

Aronson v. Gressly  , 961 F.2d 907, 911 (10th Cir. 1992)).

Plaintiff did not file a discrimination charge with the state agency until

August 8, 1997.  Because most of the alleged incidents occurred more than 300

---

[1]     Plaintiff also asserts the district court improperly granted summary
judgment on several other claims.  In her response to Cordant's summary
judgment motion, Plaintiff conceded summary judgment should be granted as to
these claims.  Plaintiff has provided no reason why this concession should not
stand.  Accordingly, on appeal we consider only her hostile work environment
claims.

[2] The 300-day filing period applies in states in which the Equal Employment
Opportunity Commission (EEOC) defers to the enforcement efforts of a state
agency empowered to undertake employment discrimination investigations.  42
U.S.C. § 2000e -5.  Utah is such a state.

days prior to that date, Plaintiff invoked the continuing violation doctrine. "Under that doctrine, a plaintiff may recover for incidents which occurred outside the statutory time limit if at least one instance of the alleged discriminatory practice occurred within the limitations period and the earlier acts are part of a 'continuing pattern of discrimination.'" Bullington, 186 F.3d at 1310 (quoting Martin v. Nannie & The Newborns, Inc., 3 F.3d 1410, 1415 (10th Cir. 1993)). Plaintiff contended that several incidents occurring within and after the 300-day period were part of a continuing pattern of discrimination dating back to 1982. These incidents included a supervisor telling a racially and sexually offensive joke, another racially offensive joke being left on her desk, an employee commenting on her "female problems" following her return from medical leave, employees' comments that coworkers were afraid to work with her because of her race, and coworkers' use of a racial epithet in a phone conversation with her.

The district court was sympathetic to Plaintiff's case. See August 31, 2001 Mem. Op. and Order at 6 ("The events recounted in Ms. Boyer's pleadings and memoranda reek of disrespect, even bigotry. The court's ruling in favor of Cordant as to timeliness under the statute in no way suggests that the conduct Ms. Boyer complains of was not actionable, or that the court in any way approves

-4-

of what she says has gone on in the workplace at Cordant."). [3] But the court found that the incidents occurring within the 300-day period were not sufficient to establish a hostile work environment. The court further found that the incidents occurring prior to the filing period were sufficiently severe that Plaintiff should have known her rights were being violated and should have filed a discrimination charge within 300 days of those acts. Accordingly, the court ruled Plaintiff could not invoke the continuing violation theory. The district court's ruling followed Circuit precedent which required courts to consider whether the employee should have asserted a claim earlier. The continuing violation doctrine "is premised on the equitable notion that the statute of limitations should not begin to run until a reasonable person would be aware that his or her rights have been violated." Bullington, 186 F.3d at 1311 (quoting Martin, 3 F.3d at 1415 n.6). Accordingly, a continuing violation claim fails "if the plaintiff knew, or through the exercise of reasonable diligence would have known, she was being discriminated against at the time the earlier events occurred." Id.

---

[3] Plaintiff alleged, for example, that in the early 1980s, employees dressed as Ku Klux Klan members and paraded through her work area, and that in the mid-1990s, a white male employee repeatedly engaged in overtly sexual behavior such as discussing his dreams about having sex with her and his enjoyment of those dreams, opening her legs while she was sitting down and massaging the insides of her thighs, and commenting on her underwear.

Subsequent to the district court's decision, the Supreme Court expressly rejected such a requirement for hostile work environment claims. See Morgan, 122 S.Ct. at 2074 n. 11, 2075. Key to the Court's ruling was its determination that the series of acts constituting a hostile work environment constitute only one unlawful employment practice:

> It is precisely because the entire hostile work environment encompasses a single unlawful employment practice that we do not hold, as have some of the Circuits, that the plaintiff may not base a suit on individual acts that occurred outside the statute of limitations unless it would have been unreasonable to expect the plaintiff to sue before the statute ran on such conduct. The statute does not separate individual acts that are part of the hostile environment claim from the whole for the purposes of timely filing and liability. . . . Given, therefore, that the incidents comprising a hostile work environment are part of one unlawful employment practice, the employer may be liable for all acts that are part of this single claim. In order for the charge to be timely, the employee need only file a charge within 180 or 300 days of any act that is part of the hostile work environment.

Id. at 2075.

Morgan implicitly overruled Bullington, Martin and other Tenth Circuit cases to the extent these cases held that recovery on a Title VII hostile work environment claim is not available for acts taken outside the statutory time period where the plaintiff knew or should have known the conduct was discriminatory when the acts occurred. See e.g., Bennett v. Quark, Inc., 258 F.3d 1220, 1227 (10th Cir. 2001); Robbins v. Jefferson County Sch. Dist. R-1, 186 F.3d 1253, 1257-58 (10th Cir. 1999); Baty v. Willamette Indus., Inc., 172 F.3d 1232, 1248

n.8 (10th Cir. 1999); <u>Mascheroni v. Board of Regents</u>, 28 F.3d 1554, 1561 (10th Cir. 1994); <u>Purrington v. University of Utah</u>, 996 F.2d 1025, 1028 (10th Cir. 1993). In light of <u>Morgan</u>, we reverse the district court's grant of summary judgment on Plaintiff's Title VII hostile work environment claims.

The judgment of the district court is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.