**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 16 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DARIUS JUAN BLOOMER,

　　　　　Plaintiff - Appellant,

v.

UNITED PARCEL SERVICE, INC.,
an Ohio corporation,

　　　　　Defendant - Appellee.

Nos. 02-6348 & 03-6002

(D.C. No. CIV-99-1486-F)

(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **HENRY**, Circuit Judges.

　　　　Appellant Darius Juan Bloomer, a former employee of Appellee United

Parcel Service, Inc., filed an action in the United States District Court for the

Western District of Oklahoma alleging claims pursuant to Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981, for race

discrimination and retaliation.  He also alleged claims under the Family and

Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, for failure to comply with the

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

FMLA and for interference with the exercise of his FMLA rights. He further alleged a claim pursuant to the Oklahoma Worker's Compensation Act, Okla. Stat. tit. 85, § 5(A), for retaliatory discharge.

The relevant facts are set forth in detail in the district court's July 23, 2002, Order. Appellant was hired by UPS in July 1988. At all times relevant to this appeal, Appellant has been a member of Local 886 of the International Brotherhood of Teamsters with his employment governed by a collective bargaining agreement.

In March 1995, Appellant was terminated for failure to report to work on two consecutive days. The termination was later withdrawn. In December 1997, Appellant was suspended for attendance problems. The suspension was later reduced to a warning letter. In January 1998, Appellant was terminated for attendance problems. The termination was later reduced to a one-day suspension. In January 1999, Appellant was suspended for three days for attendance problems.

In September 1997, Appellant was terminated for recklessness resulting in a serious accident based on a July 1997 collision with a car making a left turn. The accident injured both drivers and caused damage to both vehicles and a street light. Appellant was released by his doctor to return to full duty on September 9, 1997. Appellee determined the accident to be avoidable. Pursuant to the collective bargaining agreement, a driver could be discharged upon such a

finding. The termination was subsequently reduced to a seventeen-day suspension following a meeting between Local 886 and Appellant's labor manager.

In May 1999, Appellant was terminated for dishonesty pursuant to the collective bargaining agreement. Appellant had made a C.O.D. delivery without receiving payment from the customer but entered in his computer that he had received payment. Appellant's termination was reduced to a suspension of approximately five weeks through a grievance procedure.

Appellant filed two charges with the Equal Employment Opportunity Commission. Appellant's first charge was filed on January 5, 1998, and he received a right-to-sue notice on February 19, 1998. In that charge, Appellant complained about the September 1997 termination for recklessness resulting in a serious accident. Appellant charged that he was discriminated against because of his race and that he was retaliated against for filing internal EEO grievances. Appellant filed his second charge on July 1, 1999, and received his right-to-sue notice on August 27, 1999. This charge complained about the May 1999 termination for dishonesty. Appellant charged that he was discriminated against because of his race and that he was retaliated against for filing the previous EEOC charge.

On May 19, 1998, Appellant, acting *pro se*, filed a lawsuit based on the September 1997 termination. The complaint was later dismissed for failure to

prosecute. Counsel for Appellant filed another lawsuit on May 21, 1998, with similar allegations which was also dismissed for failure to prosecute.

Appellant filed the current action *pro se* on September 28, 1999. Appellant's first amended complaint was filed by counsel. Appellee subsequently filed for summary judgment on all claims. On July 23, 2002, the court granted in part and denied in part Appellee's motion for summary judgment leaving for trial only the Title VII and § 1981 race discrimination and retaliation claims as to the May 1999 termination for dishonesty. After the district court filed its July Order, and in response to Appellee's Motion in Limine, Appellant asserted that he had pleaded a hostile work environment harassment claim. Appellant argued that, pursuant to National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), all evidence of discriminatory acts, including those relevant to his dismissed claims, should be admitted at trial. In its August 12, 2002, Order on the Motion in Limine, the district court rejected Appellant's argument and held that Appellant

> has not stated a claim for hostile work environment harassment and . . . may not rely on the continuing violation doctrine in order to introduce evidence of or to pursue damages for time-barred acts of alleged discrimination or retaliation. Plaintiff's discrimination and retaliation claims are based on independent and isolated events, allegedly committed by multiple persons occurring months or even years apart. Because there is not, and could not have been, any claim for hostile work environment harassment, plaintiff's reliance on [Morgan] is misplaced.

See Aple. Supp. App., Vol. III, at 816-17.

A jury found in favor of Appellee UPS. The district court granted

Appellant's motion to proceed *in forma pauperis* on appeal without prepayment of fees but required that he pay for the cost of the transcript because the appeal did not involve a "substantial question" as required by 28 U.S.C. § 753(f).

The issues on appeal are whether the district court: (1) erred in determining that Appellant failed to raise a hostile work environment harassment claim pursuant to Title VII and/or 42 U.S.C. § 1981; (2) abused its discretion in excluding evidence as irrelevant and potentially prejudicial pursuant to Appellee's Motion in Limine and at trial; (3) erred in failing to consider Appellant's claims on summary judgment using a direct evidence or mixed-motive analysis and in failing to give a mixed-motive jury instruction; (4) erred in granting summary judgment to Appellee on Appellant's Oklahoma Worker's Compensation Act retaliation claim; and (5) erred in determining that this appeal did not involve a substantial question which would provide Appellant with a free trial transcript.[2]

We note initially that Appellant's brief is mostly a summary of existing Supreme Court and Tenth Circuit precedent and does not provide cogent arguments tying the legal authority to the facts of this case. We will not

---

[2]In his Statement of Issues, Appellant appears to raise several additional claims of error on appeal. See Aplt. Br. at 2-4. However, Appellant does not provide any argument in his brief on these additional issues, and we cannot determine the nature of alleged error relevant to these issues. Therefore, to the extent that Appellant has raised additional issues on appeal, they are denied. See Scott v. Hern, 216 F.3d 897, 910 n.7 (10th Cir. 2000).

"manufacture a party's argument on appeal when it has failed in its burden to draw our attention to the error below." Scott v. Hern, 216 F.3d 897, 910 n.7 (10th Cir. 2000) (citations and internal quotations omitted). In order to overcome a motion for summary judgment,

> [t]he nonmoving party must go beyond the pleadings and establish, through admissible evidence, that there is a genuine issue of material fact that must be resolved by the trier of fact. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1490 (10th Cir. 1995) (internal citations and quotations omitted). To the extent that Appellant provides argument on appeal, there is no support in the record for his contentions.

We first address whether the district court erred in determining that Appellant failed to raise a hostile work environment harassment claim pursuant to Title VII and/or 42 U.S.C. § 1981. We review *de novo* the district court's grant of partial summary judgment, applying the same legal standards used by the district court. Garrett v. Hewlett-Packard Co., 305 F.3d 1210, 1216 (10th Cir. 2002). Under Fed. R. Civ. P. 56(c), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." Id. (citations omitted).

Appellant's argument focuses on the district court's alleged error in deciding that Appellant failed to properly raise a hostile work environment harassment claim in his Amended Complaint. However, Appellant misapprehends the district court's ruling. The court did not narrowly hold that Appellant did not sufficiently plead a hostile work environment harassment claim. Instead, the court held that Appellant's hostile work environment harassment claim failed because it was based on isolated events without connection in time, character, or person. See Aple. Supp. App., Vol. III, at 816-17. The court stated that

> plaintiff has not stated a claim for hostile work environment harassment and . . . may not rely on the continuing violation doctrine in order to introduce evidence of or to pursue damages for time-barred acts of alleged discrimination or retaliation. Plaintiff's discrimination and retaliation claims are based on independent and isolated events, allegedly committed by multiple persons occurring months or even years apart. . . . [T]here is not, and could not have been, any claim for hostile work environment harassment . . . .

Id.

On appeal, Appellant has not pointed this court in the direction of any evidence that would adequately support his hostile work environment theory. Instead, Appellant provided detailed summaries of both Morgan and Boyer v. Cordant Technologies, Inc., 316 F.3d 1137 (10th Cir. 2003), and bald assertions that these cases support his hostile work environment harassment theory. However, neither of these cases is helpful to Appellant's position because they only apply when there is a continuing pattern of severe or pervasive

-7-

discrimination which Appellant has not shown in the instant case.

In Morgan, the Supreme Court held that consideration of the entire scope of a hostile work environment claim includes behavior which is outside the statutory time period. 536 U.S. at 117-18. Applying Morgan, Boyer similarly held that because "incidents comprising a hostile work environment are part of one unlawful employment practice, the employer may be liable for all acts that are part of this single claim." Boyer, 316 F.3d at 1140. However, these broad statements of the law have no applicability to the present case. Obviously, if Appellant had adequately presented a hostile work environment harassment claim, pursuant to Morgan, evidence relating to that claim would be admissible. However, Appellant did not adequately allege a hostile work environment harassment claim such that Morgan or Boyer would apply.

To establish a prima facie case of hostile work environment harassment, a plaintiff must show that "under the totality of the circumstances (1) the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment, and (2) the harassment was racial or stemmed from racial animus." Witt v. Roadway Express, 136 F.3d 1424, 1432 (10th Cir. 1998) (quoting Bolden v. PRC Inc., 43 F.3d 545, 551 (10th Cir. 1994)). A showing of pervasiveness requires "more than a few isolated incidents of racial enmity." Bolden, 43 F.3d at 551 (citations and internal quotations omitted). A plaintiff

must produce evidence to show that the workplace was "permeated with discriminatory intimidation, ridicule, and insult . . . sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998).

The record reflects that Appellant did not and cannot establish pervasive and severe harassment such that the terms and conditions of his employment were altered and abusive. The string of isolated acts relied on by Appellant involved completely different allegations, conduct, and people, and occurred months or years apart. Appellant's reliance on these discrete acts does not show that "under the totality of the circumstances (1) the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment, and (2) the harassment was racial or stemmed from racial animus." Witt, 136 F.3d at 1432. At most, Appellant has made a showing of "a few isolated incidents of racial enmity" insufficient to establish a hostile work environment claim. See Bolden, 43 F.3d at 551.

We next address whether the district court abused its discretion in excluding evidence pursuant to Appellee's Motion in Limine and at trial. We review evidentiary rulings for an abuse of discretion. Echo Acceptance Corp. v. Household Retail Services, Inc., 267 F.3d 1068, 1087 (10th Cir. 2001).

To the extent we can decipher Appellant's non-specific objections to the exclusion of certain evidence relating to his hostile work environment harassment claim and other incidents, we hold that the court did not abuse its discretion in excluding the evidence.[3]  Consistent with the Federal Rules of Evidence and Heno v. Sprint/United Management Co., 208 F.3d 847 (10th Cir. 2000), the court properly limited Appellant to presenting evidence of either a company policy demonstrating racial animus or personal racial animus by individuals who were directly involved in making the May 1999 termination decision.  See Aplt. Supp. App., Vol. III, at 937-39.  Appellant did not allege that the same supervisors were involved in any of the incidents or that the other events were somehow linked to the May 1999 termination.  See Heno, 208 F.3d at 856 ("anecdotal evidence of discrimination should only be admitted if the prior incidences of alleged discrimination can somehow be tied to the employment actions disputed in the case at hand") (internal quotations and citation omitted).

Appellant also argues that the district court erred in failing to consider his claims on summary judgment using a direct evidence or mixed-motive analysis

[3]We note that the district court did not broadly prevent Appellant from introducing all racial animus evidence in limine but instead reserved the right to make certain decisions during the trial outside the presence of the jury.  See Aplt. Supp. App., Vol. III, at 817.  Additionally, the district court was specifically aware of the difficulty in making a general ruling on Appellant's proffered evidence in limine.  See id. at 935.

and in failing to give the jury a mixed-motive jury instruction. However, our review of the record reveals that Appellant did not present direct evidence of discrimination or retaliation and Appellant has not pointed to any direct evidence in his brief. "[S]tatements of personal opinion, even when reflecting a personal prejudice or bias, do not constitute direct evidence of discrimination." Shorter v. ICG Holdings, Inc., 188 F.3d 1204, 1207 (10th Cir. 1999) (citations omitted). "Direct evidence is '[e]vidence, which if believed, proves [the] existence of [a] fact in issue without inference or presumption.'" Id. (quoting Black's Law Dictionary 460 (6th ed.1990)). Because Appellant has not presented any direct evidence of discrimination, we can find no error in the district court's application of the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), burden-shifting framework.

Appellant's argument that the jury should have been given a mixed-motive jury instruction pursuant to Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003), is similarly flawed. We review this contention for plain error because the objection was not raised at trial. York v. American Telephone & Telegraph Co., 95 F.3d 948, 953 (10th Cir. 1996). First, Desert Palace was not the law at the time the jury was instructed. Additionally, as we noted above, Appellant did not present direct evidence or argue a mixed-motive theory so Desert Palace would not apply even if it had been the law at the time the jury was instructed. Therefore, the

district court did not plainly err in failing to give the jury a mixed-motive instruction.

We next address whether the district court erred in granting summary judgment to Appellee on Mr. Bloomer's Oklahoma Worker's Compensation Act retaliation claim. We review *de novo* a grant of summary judgment, applying the same legal standards used by the district court. Garrett, 305 F.3d at 1216.

Appellant argues that the court erred in granting summary judgment on his Oklahoma Worker's Compensation Act retaliation claim because he presented evidence of a pattern of retaliatory discharges and suspensions arising from his exercise of statutorily protected rights, see 85 Okla. Stat. §§ 5-7. We disagree. To establish a prima facie case of retaliatory discharge pursuant to § 5(A), a plaintiff must prove (1) employment, (2) an on-the-job injury, (3) receiving treatment under circumstances which should put the employer on notice that treatment has been rendered for a work-related injury, or that the employee instituted or caused to be instituted, proceedings under the Act, and (4) consequent termination. Buckner v. General Motors Corp., 760 P.2d 803, 806 (Okla. 1988).

We agree with the district court that, while Appellant can establish the first three elements, he cannot establish *consequent* termination. Appellant presented no evidence that his 1997, 1998, or 1999 terminations were significantly

motivated by his worker's compensation claims.  We adopt the district court's thorough analysis on this issue and hold that because Appellant did not prove a prima facie case of retaliation, the district court did not err in dismissing this claim.

As a final matter, appellants proceeding *in forma pauperis* are not entitled to a free trial transcript unless their appeal presents a substantial question.  28 U.S.C. § 753(f).  Mr. Bloomer has failed to indicate what substantial question is present in the instant appeal.  Therefore, the district court did not err in determining that this appeal did not involve a substantial question which would provide Appellant with a free trial transcript.

AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge