**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 22, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GREGORY J. BARNES,

      Plaintiff-Appellant,

v.

GENETIC TECHNOLOGIES, INC.,

      Defendant-Appellee.

No. 06-3335
(D.C. No. 05-CV-1328-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **McCONNELL**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Plaintiff Gregory J. Barnes, appearing pro se, appeals from the district court's grant of summary judgment to defendant on the ground that the statute of limitations had run on all of plaintiff's claims before he filed suit. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff filed suit on October 25, 2005, against defendant Genetic Technologies, Inc. after he was adjudged in a paternity case to be the biological father of a minor child and liable for child support and certain other expenses. The district court liberally construed plaintiff's complaint to assert claims for fraud, misrepresentation, and either defamation or invasion of privacy. The court determined that because the alleged torts occurred in Kansas, that Kansas law applies. See Carolina Indus. Products, Inc. v. Learjet, Inc., 189 F. Supp. 2d 1147, 1163 n.12 (D. Kan. 2001). The court evaluated all of plaintiff's claims and determined that they are governed either by a one-year or a two-year statute of limitations under Kansas law. The court set out the governing authorities in its Memorandum and Order. See R., Doc. 96, at 7-8. The court concluded that the undisputed facts show that defendant published its final DNA test results on October 25, 2001, and that plaintiff was aware of the results by October 25 or 26, 2001. The court therefore concluded that the statute of limitations had run on all of plaintiff's claims before he filed suit in October 2005. The court entered summary judgment for defendant and denied plaintiff's subsequent motion for reconsideration.

"We review a district court's grant of summary judgment de novo." Boyler v. Cordant Techs., Inc., 316 F.3d 1137, 1138 (10th Cir. 2003). We have reviewed the parties' materials in light of the applicable law. We are unpersuaded by plaintiff's arguments that Kansas law provides a ten-year statute of limitations for

fraud claims or that there is a factual issue as to when he was injured by defendant's DNA test results. We affirm for substantially the same reasons as those stated in the district court's thorough Memorandum and Order of August 14, 2006.

AFFIRMED.

Entered for the Court


Michael W. McConnell
Circuit Judge